■ JOHN ROGERS, Respondent-Appellant, v GENE MAIORANO et al., Appellants-Respondents.

The plaintiff entered into a sales contract with the defendants for the purchase of a floating home to be built by the defendants. Pursuant to that contract, the plaintiff made a series of installment payments totaling $15,000. Thirteen months after the contract delivery date in August 1983, the construction of the floating home had not been completed. The defendants thereafter pressured the plaintiff to set a closing date by sending a mailgram to the plaintiff on November 2, 1984. The mailgram stated that it appeared the plaintiff had no intention of consummating the purchase and, therefore, effective November 7, 1984, the defendants would enforce paragraphs 1 and 3 of the sales agreement and increase the price of the floating home from the contract price to $69,614.70.

Paragraphs 1 and 3 of the agreement provide as follows:

"1. The manufacturer has reserved the right to change the list price of new boats without notice and in the event that the list price of the new boat ordered hereunder so changed, the cash delivery price which is based on list price effective on the day of delivery will govern this transaction. If such cash delivery price is increased, the purchaser will pay such increase. In the event this order is cancelled and a used boat has been delivered in as a part of the consideration herein, such used boat shall be returned to the purchaser upon the demand of a reasonable charge for storage and repairs or, if the used boat has been previously sold by the dealer, the amount received therefor, less selling commission of Thirty (30%) Per Cent, and any expense incurred in storing, insuring, conditioning or advertising said boat for sale shall be returned to said purchaser * * *

"3. Upon the failure or refusal of the purchaser to complete said purchase for any reason *other than cancellation on ac-*

*count of increase in price,* the cash deposit may be retained as liquidated damages, and in the event a used boat has been taken in trade, the purchaser hereby authorizes dealer to sell said used boat, and the dealer shall be entitled to reimburse himself out of the proceeds of such sale, for the expenses specified in Paragraph 1 above and also for his expenses and losses incurred or suffered as the result of purchaser's failure to complete said purchase" (emphasis supplied).

On November 9, 1984, the plaintiff canceled the contract pursuant to paragraph 3 and demanded the return of his down payment of $15,000. When it was not returned, he commenced this suit. The defendants counterclaimed for lost profits under UCC 2-708, the value of a docking contract collateral to the sales agreement and incidental damages, including the cost of working capital to refurbish the boat for resale to a third party.

We cannot agree with the trial court that the plaintiff had insufficient grounds for canceling the contract. Although the defendants were authorized by paragraph 1 to increase the price, they were entitled, pursuant to paragraph 3, to retain the plaintiff's payments only if cancellation was premised on grounds other than an increase in price. The plaintiff is therefore entitled to return of the full amount of his payments. Since the plaintiff did not breach the contract, the defendants are not entitled to any damages. The Supreme Court therefore erred in permitting the defendants to, in effect, offset some $3,600 in incidental damages against the amount to be returned to plaintiff. In light of this determination, it is not necessary to consider the defendants' claim that they are entitled to damages for lost profits and the value of the docking contract, which was contingent upon full performance of the contract for the sale of the boat. Mangano, J. P., Thompson, Sullivan and Harwood, JJ., concur.